UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLUCIA FIUZA,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED AIRLINES INC, et al.,<br><br>   Defendants. | Case No. 25-cv-04943-JST<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING**<br><br>Re: ECF No. 24, 29 |

Before the Court are Defendants United Airlines Inc.'s and the Association of Flight Attendants' (AFA) motions to dismiss. ECF No. 24, 29. Having reviewed the parties' briefs, the Court now orders supplemental briefing from United Airlines and Fiuza regarding the apparent disparity between the Equal Employment Opportunity Commission (EEOC) charge date given in the complaint and the date shown in the charge document attached to Fiuza's opposition to the AFA's motion to dismiss.

Plaintiff Marlucia Fiuza filed this lawsuit on June 11, 2025 against Defendants United Airlines and AFA alleging age discrimination and retaliation under Title VII and breach of the duty of fair representation under the Railway Labor Act. ECF No. 1. Fiuza alleges in her complaint that she filed a charge of discrimination with the EEOC on December 6, 2024, shortly after her second termination. *Id.* ¶ 52.

United Airlines filed a motion to dismiss on August 26, 2025. ECF No. 24. Fiuza filed her opposition on September 10, 2025 and United Airlines filed its reply on September 16, 2025. ECF Nos. 30, 31. AFA filed a separate motion to dismiss and joinder in United Airlines' motion on September 10, 2025. ECF No. 29. Fiuza filed her opposition to AFA's motion on September 24, 2025. ECF No. 33. She attached to her opposition as an exhibit the EEOC charge that she

filed against United Airlines.  ECF No. 33-2.  That document shows that she filed her charge with the EEOC on May 29, 2025, not on December 6, 2024 as alleged in her complaint.[1]  *Id.* at 3.  In its reply, AFA points out the disparity between these documents.  ECF No. 34 at 2 n.2.

In its motion to dismiss, United Airlines argues that "Title VII claim 'cannot be brought with respect to discrete acts of discrimination that occur more than [180] days prior to the filing of the charge.'"  ECF No. 24 at 13 (quoting *Robinson v. Board of Regents of the University of Colorado*, 390 F. Supp. 2d at 1020-23 (D. Colo. 2005) and that

> [s]ince Plaintiff alleges she filed a charge with the EEOC on December 6, 2024, the 180-day prefiling period dates back to June 9, 2024, at the latest.  That means that any alleged wrongful employment acts by United and/or the AFA predating June 9, 2024 are time-barred.

Because United's briefing was completed before Fiuza submitted a copy of her EEOC charges, however, United did not have an opportunity to discuss the effect, if any, that the later filing date has on its arguments regarding Plaintiff's claims.

United Airlines shall file a supplemental brief on or before January 16, 2026 addressing these issues.  Fiuza may file a responsive supplemental brief on or before January 30, 2026.  Each brief may not exceed five pages.

**IT IS SO ORDERED.**

Dated:  January 5, 2026



JON S. TIGAR
United States District Judge

---

[1] "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  "When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56," unless those matters satisfy the "incorporation-by-reference doctrine" or the standard for "judicial notice under Federal Rule of Evidence 201."  *Id.* (citations omitted).  "[T]he Court may consider both the EEOC right to sue letter and the EEOC charge, either as referenced in the complaint or as public records subject to judicial notice."  *Finch v. Mountain Park Health Ctr.*, No. CV-15-01503-PHX-SRB, 2016 WL 10770805, at *2 (D. Ariz. Jan. 7, 2016) (quoting *Gallor v. Regents of the Univ. of Cal.*, 916 F.Supp. 1005, 1007 (S.D. Cal. 1995)).  The Court will consider the EEOC charge filed by Plaintiff in deciding the motions to dismiss.