SEYFARTH SHAW LLP
Nicole Baarts (SBN 226733)
nbaarts@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:      (415) 397-2823
Facsimile:      (415) 397-8549

SEYFARTH SHAW LLP
Bradley D. Doucette (SBN 322611)
bdoucette@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:      (310) 277-7200
Facsimile:      (310) 201-5219

Attorneys for Defendant
UNITED AIRLINES, INC.

*Other Counsel on following page.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLUCIA FUIZA, | Case No. 4:25-cv-04943-JST |
| Plaintiff, | **UPDATED JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date:      July 14, 2026 |
| UNITED AIRLINES, INC., and The Association of Flight Attendants, | Time:      2:00 PM<br>Courtroom: 6, 2nd Floor |
| Defendants. | *Via Zoom Videoconference* |

UPDATED JOINT CASE MANAGEMENT STATEMENT

MIKA HILAIRE, ESQ. (SBN: 212263)
CHLOE BANKER, ESQ. (SBN: 345710)
EQUAL RIGHTS LAW GROUP
1900 Avenue of the Stars, Suite 900,
Los Angeles, California 90067
Telephone and Fax: (310) 526-7229
mika@equalrightslawgroup.com
chloe@equalrightslawgroup.com

Kathryn Williams (via pro hac vice)
Daniel, Williams & Associates, PLLC
2201 Hermann Drive
Houston, Texas 77004
T: 713.229.9997
F: 281.501.6777
k.williams@danielwilliamslaw.com

Attorneys for Plaintiff, MARLUCIA FUIZA


DAVID A. ROSENFELD, Bar No. 058163
ALAN CROWLEY, Bar No. 203438
Weinberg, Roger & Rosenfeld
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone (510) 337-1001
Fax (510) 337-1023
E-Mail: courtnotices@unioncounsel.net
drosenfeld@unioncounsel.net
acrowley@unioncounsel.net

Attorneys for Defendant
THE ASSOCIATION OF FLIGHT ATTENDANTS

1

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Clerk's Notice Setting Case Management Conference and Zoom Hearing (ECF Nos. 41, 48, and 63), the Parties, Plaintiff Marlucia Fuiza ("Plaintiff"), and Defendant United Airlines, Inc. ("United") along with Defendant The Association of Flight Attendants ("AFA") (collectively "Defendants") by and through their undersigned counsel,  jointly submit this UPDATED JOINT CASE MANAGEMENT STATEMENT pursuant to Judge Tigar's Civil Standing Order, the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and the contents of Joint Case Management Statement obtained from the Court.[1]

## 1.    **Jurisdiction & Service**

This Court has diversity of citizenship jurisdiction and federal question jurisdiction over this action pursuant to 28 U.S.C. sections 1331, 1132(a)(1), 1441(a) and (b), and 1446, although defendants are not waiving a determination that some or all of Plaintiff's claims are pre-empted by the Railway Labor Act ("RLA").

All defendants have been served.

## 2.    **Facts**

Plaintiff's Position:

Plaintiff was a high-performing flight attendant for Defendant United. After being terminated due to a false assertion that she had refused an assignment, Plaintiff contested her termination and filed a grievance. Plaintiff was rehired, but subjected to increased scrutiny and placed on probation. At 62 years old, Plaintiff experienced age discrimination, including being given less favorable job assignments. Plaintiff was pretextually terminated again in December 2024 in retaliation for her prior grievance and her age. United refused to provide documents to support is pretextual claims against Plaintiff and failed to investigate her complaints about her termination.

United's Position:

United disputes Plaintiff's claims, and further denies that it subjected Plaintiff to any form of discrimination in any aspect of her employment, including her work duties and opportunities. United

---

[1] Standing Order For All Judges of the Northern District of California, Contents of Joint Case Management Statement. (https://cand.uscourts.gov/sites/default/files/standing-orders/Standing_Order_All_Judges-11-30-2023.pdf)

UPDATED JOINT CASE MANAGEMENT STATEMENT

maintains that any decision made regarding Plaintiff's employment was made for legitimate, non-discriminatory reasons. United denies that it committed any violation of Title VII of the Civil Rights Act of 1964, or any applicable State or Federal authority. United denies that Plaintiff has been damaged in any way by any act or omission of United. Accordingly, Plaintiff is not entitled to any of the recovery that she seeks.

AFA's Position:

Plaintiff received and agreed to a Last Chance Agreement concerning her termination in 2024 for misconduct..  She subsequently engaged in further misconduct in violation of the Last Chance Agreement and United Airlines terminated her a second time.  The Defendant AFA investigated what happened and determined that it would not proceed to arbitration under the terms of the 2024 Last Chance Agreement because the Plaintiff engaged in conduct which gave United the right to terminate her under that agreement.  No charge of discrimination has been filed ever by Plaintiff against the union either with the EEOC or the California Civil Rights Department.

**3.    Legal Issues**

The key legal issues in the operative Complaint include, but are not limited to, the following:

a.      Whether United's actions or omissions constituted discrimination in violation of Title VII of the Civil Rights Act of 1964;

b.      Whether United's actions or omissions constituted retaliation in violation of Title VII of the Civil Rights Act of 1964;

c.      Whether AFA's actions or omissions constituted breach of duty of fair representation in violation of the Railway Labor Act, 45 U.S.C. § 151.

d.      Whether Plaintiff's claims are barred by the statute of limitations.

e.      Whether Defendants' actions or omissions constituted retaliation and hostile work environment in violation of the Civil Rights Act of 1964 and the Railway Labor Act, 45 U.S.C. § 151.

f.      Whether some or all of Plaintiff's claims are pre-empted by the Railway Labor Act ("RLA").

g.      If liability exists, the scope, nature, extent and any limitations on damages; and,

h.      Whether Plaintiff mitigated her damages, if any, or otherwise failed to avoid harm.

UPDATED JOINT CASE MANAGEMENT STATEMENT

i.        Whether Plaintiff failed to exhaust her internal union remedies.

j.        Whether Plaintiff exhausted her EEOC remedies.

**4.     Motions**

Plaintiff's Position:

Plaintiff may file discovery-based motions, if needed.

Defendants' Position:

Defendants have pending motions to dismiss against Plaintiff (ECF Nos. 55 and 56), which were timely responded to. The hearing previously set for June 18, 2026 was vacated by the Court's June 9, 2026 Clerk's Notice, which found the motions suitable for disposition without oral argument under Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b). The motions remain under submission. Defendants also anticipate filing dispositive motions, including motions for summary judgment or, in the alternative, summary adjudication, and any discovery-based motions as necessary."

**5.     Amendment of Pleadings**

Plaintiff filed an Amended Complaint on March 20, 2026 (ECF No. 53).

**6.     Evidence Preservation and Disclosures**

The Parties will meet and confer pursuant to F.R.C.P. Rule 26, General Order No. 71, and Judge Tigar's Employment Case Standing Order and, depending on the result of the pending motions to dismiss, will exchange initial disclosures and documents accordingly.

**7.     Discovery**

Plaintiff's Position:

Plaintiff will serve written discovery to Defendants. Plaintiff will also seek to take the depositions of percipient witnesses and a Person Most Qualified for each Defendant in the next 60-90 days.

Defendants' Position:

Defendants will serve written discovery to Plaintiff regarding her allegations and information to support her claims. Defendants anticipate taking Plaintiff's deposition in the next 60-90 days. Defendants also anticipate taking the deposition of any medical or mental health services provider that

4

UPDATED JOINT CASE MANAGEMENT STATEMENT

treated Plaintiff for any injury that allegedly resulted from Plaintiff's employment with Defendants. Defendants may also take the depositions of third parties who are as of yet unidentified.

///

Joint Position:

The Parties do not presently anticipate seeking any modifications to the presumptive limits on discovery imposed by the Federal Rules of Civil Procedure.

**8.     Class Actions**

This case is not a class action.

**9.     Related Cases**

There are no related cases.

**10.    Relief**

Plaintiff's Position:

Plaintiff seeks general and special damages, as well as attorneys' fees and costs. Plaintiff has lost earnings and benefits. Plaintiff anticipates the loss of future wages as she has not secured comparable income. An economist will opine as to Plaintiff's economic damages. Plaintiff anticipates past and future medical expenses in the amount of $100,000 – 200,000. Plaintiff has suffered emotional distress/pain and suffering with estimated damages of approximately $750,000 – 2,000,000. Plaintiff seeks attorneys' fees and costs, to be determined at the time of trial upon proof. Plaintiff seeks punitive damages, to be determined at the time of trial upon proof.

Defendants' Position:

Defendants deny any liability, and thus, deny Plaintiff's entitlement to any damages. Defendants reserve the right to seek fees and costs to the extent allowable under the law.

**11.    Settlement and ADR**

The Parties previously met and conferred regarding settlement and the Court's ADR processes and prefer to discuss ADR selection at the upcoming case management conference.

**12.    Other References**

The Parties do not consent to the jurisdiction of a magistrate judge.

**13.    Narrowing of Issues**

UPDATED JOINT CASE MANAGEMENT STATEMENT

Not applicable.

**14.    Expedited Trial Procedure**

Not applicable.

**15.    Scheduling**

The Parties' proposed case schedule is as follows, subject to the Court's availability:

| Completion of Non-Expert Discovery | **March 22, 2027** |
|---|---|
| Last Day to Hear Dispositive Motions | **May 24, 2027** |
| Expert Disclosure Deadline | **June 8, 2027** |
| Rebuttal Expert Disclosure Deadline | **June 22, 2027** |
| Completion of Expert Discovery | **July 26, 2027** |
| Pre-Trial Conference | **August 10, 2027** |
| Trial Date | **August 24, 2027** |

**16.    Trial**

Plaintiff requests a jury trial. Plaintiff anticipates a 7-10 day jury trial, inclusive of jury selection. Defendants request a 7-10 day jury trial, inclusive of jury selection.

**17.    Disclosure of Non-Party Interested Entities or Persons**

None at this time.

**18.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    Other**

None.

UPDATED JOINT CASE MANAGEMENT STATEMENT

DATED: July 7, 2026                              Respectfully submitted,

                                                 EQUAL RIGHTS LAW GROUP


                                                 By: */s/ Mika Hilaire (as authorized)*
                                                     Mika Hilaire
                                                     Chloe Banker

                                                     Attorneys for Plaintiff
                                                     MARLÚCIA FUIZA

DATED: July 7, 2026                              Respectfully submitted,

                                                 SEYFARTH SHAW LLP


                                                 By: */s/ Bradley D. Doucette*
                                                     Nicole Baarts
                                                     Bradley D. Doucette

                                                     Attorneys for Defendant
                                                     UNITED AIRLINES, INC.

DATED: July 7, 2026                              Respectfully submitted,

                                                 WEINBERG, ROGER & ROSENFELD


                                                 By: */s/ David A. Rosenfeld (as authorized)*
                                                     David A. Rosenfeld
                                                     Alan Crowley

                                                     Attorneys for Defendant THE
                                                     ASSOCIATION OF FLIGHT
                                                     ATTENDANTS

327017229v.1

UPDATED JOINT CASE MANAGEMENT STATEMENT