UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLUCIA FIUZA,<br>Plaintiff,<br>v.<br>UNITED AIRLINES, INC., et al.,<br>Defendants. | Case No. 25-cv-04943-JST<br><br>**ORDER GRANTING IN PART MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 55, 56 |

Before the Court are motions to dismiss filed by Defendants United Airlines, Inc. ("United") and the Association of Flight Attendants ("AFA"). ECF No. 55, 56. The Court will grant the motions in part and deny them in part.

## I. BACKGROUND

### A. Factual Background

For the purpose of resolving the present motions to dismiss, the Court accepts as true the following allegations in the First Amended Complaint ("AC"), ECF No. 53.

Plaintiff Marlucia Fiuza is 62 years old. *Id.* ¶ 6. She was a flight attendant for Defendant United for 33 years until she was terminated for a second time in December 2024. *See id.* ¶¶ 1, 6–7, 40. Plaintiff was a member of a union, namely Defendant AFA, while she worked for United. *See id.* ¶ 7.

On June 26, 2023, Plaintiff was terminated by United for refusing a reassigned trip ("first termination"). *Id.* ¶¶ 8–15. Plaintiff alleges that the termination constituted unlawful age discrimination in violation of federal and state law because it occurred despite her "good-standing employment record, and never having received a customer complaint[.]" *See id.* ¶¶ 15–17. Plaintiff appealed the termination and, on October 5, 2023, she sent a letter to a United executive

United States District Court
Northern District of California

seeking review of the termination and disclosing her belief that the termination constituted unlawful age discrimination in violation of federal and state law. *See id.* ¶¶ 16–17, 102.

On March 8, 2024, Plaintiff was reinstated by United to her flight-attendant position under a two-year probationary period, which "subjected her to an unfair heightened scrutiny" and made her vulnerable to termination. *See id.* ¶¶ 19–20. Plaintiff alleges that she "felt coerced" to accept the probationary period to get her job back. *See id.* ¶ 21.

On October 24, 2024, Plaintiff worked on a United charter flight for the West Virginia University ("WVU") football team ("the October 2024 charter flight"). *Id.* ¶ 23. The charter flight was staffed by Plaintiff and several younger flight attendants. *See id.* ¶ 25. During the charter flight, Plaintiff allegedly was ostracized, excluded, and "targeted" due to her age. *See id.* ¶ 26. For example, Plaintiff was assigned to work in the back of the aircraft due to her age, even though assignments should have been made "by seniority[.]" *See id.* ¶ 27. By contrast, younger flight attendants with junior seniority were selected for the more desirable positions on the aircraft. *See id.* ¶ 28. Plaintiff allegedly protested to unidentified people about being given a less desirable assignment on the charter flight due to her age. *See id.* ¶ 28.

After the charter flight, some of the other flight attendants and the WVU travel secretary complained about Plaintiff's purported unprofessional and aggressive behavior during the charter flight. *See id.* ¶¶ 33, 36. Plaintiff alleges that these complaints were false and uncorroborated because she had "complied fully with all instructions and performed her duties in a professional and quiet manner," and no reports were made to the pilots or the duty supervisor alleging misconduct by her during the charter flight. *See id.* ¶¶ 30, 35. She further alleges that she witnessed that the younger flight attendants on the charter flight had engaged in potential policy violations and violations of Federal Aviation Administration ("FAA") regulations, such as serving alcohol from unapproved containers, but they were not disciplined. *See id.* ¶¶ 31–32, 62.

On November 13, 2024, Plaintiff received a letter notifying her that United had initiated an investigation into the complaints regarding her behavior during the October 2024 charter flight. *Id.* ¶ 37. On December 6, 2024, Plaintiff was terminated for a second time during a Zoom meeting with her United supervisor and a representative of AFA ("second termination"). *Id.* ¶ 40. Plaintiff

alleges that the termination was without factual basis and is part of a continued pattern of retaliation and age-based discrimination against her. *Id.* ¶¶ 41, 45.

Plaintiff appealed her second termination. *See id.* ¶ 42. On February 19, 2025, Plaintiff attended a first-level appeal hearing of her second termination during which she presented evidence showing that there were no corroborating statements that she was unprofessional, aggressive, or otherwise at fault during the October 2024 charter flight. *Id.* ¶ 43. Another appeal hearing took place on March 20, 2025, but Plaintiff allegedly was not permitted to attend it, which she believes violated her right to fair process and meaningful participation. *See id.* ¶ 44. United allegedly refused to provide surveillance footage, the identity of the person who complained about her behavior, or documentation supporting her second termination. *Id.* ¶ 46. On Apri 25, 2025, AFA formally declined to take Plaintiff's appeal to arbitration against United. *Id.* ¶ 47.

On May 29, 2025, Plaintiff filed a charge of age discrimination and retaliation against United with the United States Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 52. On June 2, 2025, the EEOC issued Plaintiff a notice of right to sue. *Id.* ¶ 53.

On January 14, 2026, Plaintiff filed a charge of discrimination against United with the California Civil Rights Department. *Id.* ¶ 54. On an unspecified date, the California Civil Rights Department issued Plaintiff a notice of right to sue. *Id.* ¶ 54.

In the AC, Plaintiff asserts the following claims against United: (1) Claim 1 for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; (2) Claim 2 for retaliation in violation of Title VII, 41 U.S.C. § 2000e, *et seq.*; (3) Claim 4 for hostile work environment in violation of the Railway Labor Act, 45 U.S.C. § 141, *et seq.* and Title VII; (4) Claim 5 for discrimination on the basis of age in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't. Code § 12940(a); (5) Claim 6 for retaliation in violation of FEHA, Cal. Govt. Code. § 12940(h); (6) Claim 7 for retaliation in violation of Cal. Labor Code § 1102.5; (7) Claim 8 for failure to prevent discrimination and retaliation in violation of FEHA, Cal. Gov't. Code § 12940(k); and (8) Claim 9 for wrongful termination in violation of public policy.

Plaintiff asserts two claims against AFA: (1) Claim 3 for breach of duty of fair

representation under the Railway Labor Act; and (2) Claim 4 for hostile work environment in violation of the Railway Labor Act and Title VII.

**B. Procedural History**

Plaintiff filed the initial complaint on June 11, 2025. ECF No. 1. After Defendants moved to dismiss the complaint, ECF No. 24, 29, the Court issued an order requesting supplemental briefing concerning the charge that Plaintiff filed against United with the EEOC on May 29, 2025, ECF No. 42. In that order, the Court stated that it would consider under the incorporation-by-reference doctrine a copy of that charge for the purpose of resolving Defendants' motions to dismiss. *See id.* at 2 n.1. In lieu of filing supplemental briefing, Plaintiff requested leave to file an amended complaint. ECF No. 43.

On March 5, 2026, the Court permitted Plaintiff to file an amended complaint and terminated the then-pending motions to dismiss as moot. ECF No. 52. On March 20, 2026, Plaintiff filed the AC. ECF No. 53.

The present motions to dismiss for failure to state a claim followed. *See* ECF Nos. 55, 56 (opening briefs), ECF Nos. 61, 62 (reply briefs). Plaintiff opposes both motions. ECF Nos. 58, 59.

**II. REQUEST FOR JUDICIAL NOTICE**

United requests that the Court take judicial notice of a copy of the Joint Collective Bargaining Agreement ("JCBA") between it and Defendant AFA, as well as a copy of an agreement between United and AFA regarding flight-attendant medical leave. *See* ECF No. 56–1. United argues that these documents are relevant to the resolution of the present motions because Plaintiff's claims turn on provisions in the agreements that govern medical leave entitlement. *See id.* at 2.

Plaintiff opposes the request, arguing that the AC "pleads no medical leave" and the agreements at issue are thus not relevant to the determination of Defendants' motions to dismiss. *See* ECF No. 59 at 8.

The Court agrees with Plaintiff. There are no allegations in the AC about medical leave. *See generally* AC. Accordingly, any provisions in the agreements at issue about medical leave are

irrelevant to the resolution of Defendants' motions to dismiss.

Accordingly, the Court DENIES United's request for judicial notice. *See Ramachandran v. City of Los Altos*, No. 18-CV-01223-VKD, 2024 WL 3642193, at *5 (N.D. Cal. Aug. 1, 2024) ("[W]here a document is 'unnecessary' or irrelevant to a court's decision, the court need not take judicial notice.") (collecting authorities).

## III. JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## IV. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## V. DISCUSSION

### A. United's Motion to Dismiss

#### 1. Whether Plaintiff's Claims are Preempted by the Railway Labor Act

United moves to dismiss all claims asserted in the AC on the ground that they are preempted by the Railway Labor Act ("RLA"). *See* ECF No. 56 at 21–22. United argues that the claims are preempted by the RLA because, to resolve them, the Court must consider "whether United and AFA properly complied with the JCBA [Joint Collective Bargaining Agreement] when [United] terminated Plaintiff's employment and [AFA] allegedly denied her a requested arbitration." *See id.*

The RLA preempts a claim arising out of state law if it "requires the interpretation of a

collective-bargaining agreement [CBA]." *See Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920 (9th Cir. 2018) (citation and internal quotation marks omitted). A preempted claim must be resolved through the RLA grievance and arbitration systems. *See id.* at 919. The RLA does not preempt state law claims that govern "substantive labor rights" or that "establish rights and obligations, independent of a labor contract." *See id.* at 919–20. A two-part inquiry is used to determine whether a claim is preempted by the RLA: (1) if the claim "arises entirely from a right or duty of the CBA," then the claim is preempted by the RLA; and (2) if the claim does not arise entirely from a right or duty of the CBA, the claim is "only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *See id.* at 921 (citation omitted). "[T]hat resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language" is "not enough" for RLA preemption. *See id.* at 921–22.

Here, none of Plaintiff's claims under federal law are preempted by the RLA, because the RLA can preempt only claims arising out state law. *See id.* at 920; *see also Felt v. Atchison, Topeka & Santa Fe Ry. Co.*, 60 F.3d 1416, 1420 (9th Cir. 1995) ("The RLA does not preclude litigation of Title VII rights."). With respect to Plaintiff's claims under state law, they are not preempted under step one of the two-part preemption inquiry because it is undisputed that they do not arise entirely from a right or duty of the CBA. They also are not preempted under step two because United has not identified any term of the JCBA over which there is an active dispute with respect to its meaning.

Accordingly, the Court DENIES United's motion to dismiss to the extent that it seeks dismissal of all claims in the AC on the ground that they are preempted by the RLA.

**2. Title VII Claims (Claims 2 and 4)**

United moves to dismiss Plaintiff's claims under Title VII on the grounds that (1) they are time-barred; and (2) they are insufficiently pleaded.

**a. Whether Plaintiff's Title VII Claims Are Time-Barred**

A plaintiff wishing to assert a claim under Title VII must first "file a charge [with the EEOC] within the statutory time period [set forth in 42 U.S.C. § 2000e–5(e)(1)] and serve notice upon the person against whom the charge is made." *Nat'l R.R. Passenger Corp. v. Morgan*, 536

U.S. 101, 109 (2002) ("*Morgan*"). "[A] litigant has up to 180 or 300 days *after* the unlawful practice happened to file a charge with the EEOC." *Id.* at 110 (emphasis in the original). Whether the 180-day or the 300-day period applies depends on whether the plaintiff "initially" filed a grievance with a state agency or entity "with the authority to grant or seek relief with respect to the alleged unlawful practice." *See id.* at 109. Specifically, "in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred[.]" *See* 42 U.S.C. § 2000e–5(e)(1). Otherwise, the charge must be filed within 180 days. *See id.* "A claim is time barred if it is not filed within these time limits." *Morgan*, 536 U.S. at 109.

United argues that Plaintiff's claims under Title VII are time-barred to the extent that they are premised on employment practices that occurred more than 180 days of the date when she filed a charge with the EEOC, which was May 29, 2025. United further contends that the 300-day period set forth in 42 U.S.C. § 2000e–5(e)(1) does not apply to Plaintiff's claims because she did not initially institute proceedings with a state agency. *See* ECF No. 62 at 3.

Plaintiff responds that the 300-day period applies to her claims because she cross-filed a charge against United with the California Civil Rights Department on May 29, 2025, in the same form in which she filed a charge against United with the EEOC. *See* ECF No. 59 at 14–15.

The Court agrees with United that the default 180-day period for filing a charge applies to Plaintiff's claims under Title VII. The 300-day period applies only where the claimant "initially institute[s]" a charge with a state or local agency with authority to grant relief from the employment practice at issue. *See* 42 U.S.C. § 2000e–5(e)(1); *see also Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 544 (2019) (holding that the claimant "has 300 days following the challenged practice" to file a charge with the EEOC if she "file[s] her charge first with the state or local agency" empowered to grant relief). Plaintiff does not allege that she initially filed a charge against United with the California Civil Rights Department. Her allegations indicate that she first filed a charge against United with the EEOC on May 29, 2025, and did not file a charge with the

California Civil Rights Department for another seven months, until January 14, 2026. *See* AC ¶¶ 52, 54. Because Plaintiff's allegations do not raise the inference that she initially filed a charge against United with the California Civil Rights Department, the 300-day period does not apply to her claims.

In her opposition, Plaintiff points to a copy of the charge form she filed against United with the EEOC on May 29, 2025, arguing that the form "confirms" that she initially filed the charge with the California Civil Rights Department.[1] *See* ECF No. 59 at 14. This argument is unavailing. The form contains no indication that it was filed with the California Civil Rights Department. The form states that Plaintiff's charge against United was "presented" to both the EEOC and the Illinois Department of Human Rights on May 29, 2025. *See* ECF No. 33–2 at 2. However, Plaintiff does not argue and has not shown that the Illinois Department of Human Rights is a state agency "with authority to grant or seek relief from" the employment practices of which she complains. *See* 42 U.S.C. § 2000e–5(e)(1). Accordingly, the Court cannot infer based on this form that the 300-day period applies to her Title VII claims.

Plaintiff's Title VII claims are thus subject to the 180-day period under 42 U.S.C. § 2000e–5(e)(1). Because Plaintiff filed a charge against United with the EEOC on May 29, 2025, any Title VII claims she asserts against it premised on employment practices that occurred prior to November 30, 2024 (i.e., that occurred more than 180 days prior to May 29, 2025) are time-barred and not actionable. *See Morgan*, 536 U.S. at 109.

Plaintiff asserts two claims against United under Title VII, but neither is premised on employment practices that occurred prior to November 30, 2024. The first claim is for retaliation in violation of Title VII, which is based on allegations that Plaintiff's second termination in December 2024 was retaliatory. *See* AC ¶¶ 8–21, 64–68. Because that claim is premised on an allegedly retaliatory act that occurred after November 30, 2024, the claim is not time-barred. *See Morgan*, 536 U.S. at 109. The second claim is for hostile work environment in violation of Title

[1] As discussed above, the Court ruled in its order of January 5, 2026, that it would consider this charge form to resolve Defendants' motions to dismiss under the incorporation-by-reference doctrine. *See* ECF No. 42 at 2 n.1.

VII. *See* AC ¶¶ 78–83. A claim for hostile work environment under Title VII is timely "[p]rovided that an act contributing to the claim occurs within the [180-day] filing period[.]" *See Morgan*, 536 U.S. at 117. Here, at least one of the acts upon which the claim is based occurred during the 180-day filing period (i.e., between November 30, 2024, and May 29, 2025), namely Plaintiff's second termination on December 6, 2024. *See* AC ¶ 40. Accordingly, this claim is not time-barred.

The Court, therefore, DENIES United's motion to dismiss to the extent that it seeks dismissal of Plaintiff's claims under Title VII on the ground that they are time-barred.

The Court now turns to the issue of whether Plaintiff's claims under Title VII are sufficiently pleaded.

**b. Retaliation under Title VII (Claim 2)**

Title VII "prohibits retaliation against persons who assert rights under the statute." *Fort Bend County*, 587 U.S. at 543 (citing 42 U.S.C. § 2000e–3(a)). To allege a prima facie claim for retaliation in violation of Title VII, a plaintiff must allege "that she engaged in protected activity, that she suffered a materially adverse action, and that there was a causal relationship between the two." *Westendorf v. W. Coast Contractors of Nevada, Inc.*, 712 F.3d 417, 422 (9th Cir. 2013).

Plaintiff asserts a claim against United for retaliation in violation of Title VII, which is premised on allegations that her second termination in December 2024 was retaliatory because it was causally connected to her protected activity in challenging her first termination. *See* AC ¶¶ 8–21, 64–68.

United moves to dismiss the claim on the grounds that (1) the claim is premised at least in part on alleged events relating to Plaintiff's first termination that occurred outside the 180-day period under 42 U.S.C. § 2000e–5(e)(1) and are thus time-barred; (2) Plaintiff has not alleged facts showing that she engaged in protected activity; and (3) she has not alleged facts indicating that any protected activity was causally connected to her second termination in December 2024. *See* ECF No. 56 at 17.

United's first argument fails. As discussed above, because Plaintiff's claim for retaliation is based on an alleged retaliatory act that occurred within the 180-day period under 42 U.S.C.

§ 2000e–5(e)(1) (i.e., her second termination in December 2024), the claim is not time-barred. Because the claim is timely, Plaintiff is permitted to support it with allegations and evidence regarding events or conduct that occurred outside of the 180-day filing period, including those relating to her first termination in 2023. *See Morgan*, 536 U.S. at 113 (holding that an employee is not barred from relying on acts that occurred outside of the applicable 42 U.S.C. § 2000e–5(e)(1) filing period "as background evidence in support of a timely claim").

United's second argument has merit. Plaintiff has not plausibly alleged that she engaged in protected activity. "An employee engages in protected activity when she opposes an employment practice that either violates Title VII or that the employee reasonably believes violates that law." *See Westendorf,* 712 F.3d at 422. In other words, Title VII's anti-retaliation provision "protects only those employees who oppose what they reasonably perceive as discrimination under the Act [i.e., Title VII]." *See Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988). The only types of discrimination that are covered under Title VII are those based on race, color, religion, sex, and national origin. *See id.* Here, Plaintiff does not allege that she opposed any employment practice that involved discrimination based on race, color, religion, sex, or national origin. The employment practices that she allegedly opposed involved discrimination based on age. *See* AC ¶¶ 17, 28, 41–50. Because discrimination based on age is not covered by Title VII, her opposition those employment practices is not "protected activity" under Title VII. *See Learned*, 860 F.2d at 932.

Accordingly, the Court GRANTS United's motion to dismiss Plaintiff's claim for retaliation in violation of Title VII.

**c. Hostile Work Environment Under Title VII (Claim 4)**

"[A] plaintiff bringing a hostile work environment claim must show discrimination by an employer on account of membership in a protected group under 42 U.S.C. § 2000e–2(a)(1)." *Sharp v. S&S Activewear, L.L.C.*, 69 F.4th 974, 978 (9th Cir. 2023). Protected characteristics under 42 U.S.C. § 2000e–2(a)(1) include race, color, religion, sex, and national origin. *See* 42 U.S.C. § 2000e–2(a)(1). "The offensive conduct must be 'sufficiently severe or pervasive to alter the conditions of employment'" to give rise to a claim for hostile work environment under Title

VII. *Id.* (citation omitted).

Plaintiff asserts a claim against United for hostile work environment in violation of Title VII based on allegations that she was subjected to offensive treatment on account of her age and prior protected activity in opposing discrimination against her based on her age. *See* AC ¶¶ 78–83.

United moves to dismiss this claim on the ground that her allegations are insufficient to raise the inference that she experienced a hostile work environment in violation of Title VII.

The Court agrees. Here, Plaintiff has not alleged that she was subjected to offensive conduct in her workplace on account of her race, color, religion, sex, or national origin, as she must to state a claim for hostile work environment in violation of Title VII. *See Sharp*, 69 F.4th at 978. Plaintiff's hostile work environment claim is premised on offensive conduct she allegedly experienced on account of her age, but age is not a protected characteristic under 42 U.S.C. § 2000e–2(a)(1). Accordingly, her hostile work environment claim against United fails.

The Court GRANTS United's motion to dismiss this claim.

**3. Age Discrimination Under ADEA (Claim 1)**

Under the ADEA, "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). To allege a prima facie claim of discrimination under the ADEA, a plaintiff must allege facts showing that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (citations and internal quotation marks omitted).

Plaintiff asserts a claim against United for age discrimination in violation of ADEA. AC ¶¶ 56–63. It is premised on allegations that she was wrongfully terminated in December 2024 based on uncorroborated allegations about her conduct during the October 2024 charter flight, while younger flight attendants on that flight who engaged in potential policy and regulatory

violations were not disciplined or terminated. *See id.* ¶¶ 33–36, 43, 56–63.

United moves to dismiss Plaintiff's claim under the ADEA on the ground that it is insufficiently pleaded.[2] *See* ECF No. 56 at 15. United concedes that Plaintiff's allegations satisfy the first three elements of a claim under the ADEA but argues that her allegations are insufficient to satisfy the fourth element because they do not raise the inference that she was "terminated expressly due to her age." *See* ECF No. 56 at 15.

The Court is not persuaded. To satisfy the fourth element of a claim under the ADEA, Plaintiff is required to allege facts indicating that the circumstances surrounding the adverse employment action of which she complains give rise to the inference of discrimination. *See Whitman*, 541 F.3d at 932. She can do so by alleging that similarly situated individuals outside of her protected class were treated more favorably. *See id.* Here, Plaintiff alleges that she was terminated from her position as a flight attendant in December 2024 based on false and uncorroborated allegations that she was unprofessional during the October 2024 charter flight. *See* AC ¶¶ 33–36, 43, 61–63. She further alleges that younger flight attendants who also worked on the charter flight engaged in conduct that potentially violated policy and FAA regulations, yet they kept their jobs and were not disciplined. *See, e.g.*, *id.* ¶¶ 31–32, 61–62. When construed in the light most favorable to Plaintiff, these allegations are sufficient to raise the inference of discrimination based on age. *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 (9th Cir. 2012) (holding that allegations that the plaintiff was "terminated from employment while younger workers in the same position kept their jobs" were sufficient to raise the inference of age discrimination because they indicated that the employer had a continuing need for her services despite her termination and that employees outside of her protected class were treated more favorably). United has cited no authority that compels a different conclusion. *See* ECF No. 56 at

---

[2] United also argues, conclusorily and in passing, that "the allegations supporting this cause of action [under ADEA] are time barred[.]" *See* ECF No. 56 at 15. However, United has cited no authority to support that argument. United's substantive discussion about the timeliness of Plaintiff's claims is limited to those brought under Title VII. *See* ECF No. 56 at 12–13. Because United has not shown that Plaintiff's ADEA claim was untimely, the Court cannot find that it is subject to dismissal on the ground that it is time-barred.

15.

Accordingly, the Court DENIES United's motion to dismiss Plaintiff's claim under the ADEA.

**4. FEHA (Claims 5, 6, and 8)**

United moves to dismiss Plaintiff's claims for age discrimination, retaliation, and failure to prevent discrimination and retaliation under FEHA on the ground that they are insufficiently pleaded.[3]

**a. Age Discrimination Under FEHA (Claim 5)**

FEHA prohibits employers from discharging or discriminating against an employee because of age. *See* Cal. Gov't Code § 12940(a). "California courts look to federal precedent when interpreting FEHA because of its similarity to the ADEA." *Brazill v. California Northstate Coll. of Pharmacy, LLC*, 904 F. Supp. 2d 1047, 1052 (E.D. Cal. 2012) (citing *Guz v. Bechtel Nat'l, Inc*., 24 Cal. 4th 317, 354 (2000)). Thus, to state a claim for age discrimination under FEHA, a plaintiff must allege facts that satisfy the same elements required to state a claim for age discrimination under the ADEA, namely that: "(1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Guz*, 24 Cal. 4th at 355; *see also Brazill*, 904 F. Supp. 2d at 1052 ("To plead a claim for Age Discrimination under FEHA, a plaintiff must satisfy the same four-part test as the ADEA.").

Plaintiff asserts a claim against United for age discrimination under FEHA. AC ¶¶ 84–91. It is premised on allegations that she was wrongfully terminated in December 2024 based on uncorroborated allegations about her conduct during the October 2024 charter flight, while younger flight attendants on that flight who engaged in potential policy and regulatory violations

---

[3] In a footnote in its reply, United argues that Plaintiff's FEHA claims are not "viable" because she has not exhausted her administrative remedies under FEHA. *See* ECF No. 62 at 3 n.1. Because United did not make this argument in its opening brief, and because Plaintiff thus did not have an opportunity to respond to it, the Court does not consider it.

United States District Court
Northern District of California

were not disciplined or terminated. *See id.* ¶¶ 33–36, 43, 56–63.

United moves to dismiss this claim on the grounds that Plaintiff does not plausibly allege (1) that she was performing competently in her position; or (2) that the circumstances surrounding her second termination indicate that United discriminated against her based on her age. ECF No. 56 at 16.

United's first argument fails because United concedes elsewhere in its opening brief that Plaintiff has plausibly alleged that she was performing competently in her position. *See* ECF No. 56 at 15 (arguing that "for the purposes of this motion, United concedes that Plaintiff has alleged that she was at least forty years old [and] was performing her job satisfactorily").

United's second argument also is unpersuasive. For the reasons discussed above in the context of Plaintiff's claim for age discrimination under the ADEA, Plaintiff has plausibly alleged that the circumstances surrounding her second termination in December 2024 give rise to the inference of discrimination based on her age. United has not cited any authority to the contrary.[4]

Accordingly, the Court DENIES United's motion to dismiss this claim.

**b. Retaliation Under FEHA (Claim 6)**

FEHA provides that "[i]t is an unlawful employment practice . . . [f]or any employer . . . to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden" by FEHA. Cal. Gov't Code § 12940(h). To allege a prima facie claim for retaliation under FEHA, a plaintiff must allege that: "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005).

Plaintiff asserts a claim against United for retaliation under FEHA, which is based on allegations that her second termination in December 2024 was retaliatory because it was causally connected to her protected activity in challenging her first termination, which she believed was

[4] United cites *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 231 (2013), but that case addressed whether a court erred in failing to give a certain jury instruction during a jury trial on a claim for sex discrimination under FEHA. *See id.* The holdings in that case have no application here.

based on age discrimination. *See* AC ¶¶ 8–21, 64–68, 92–99.

United moves to dismiss this claim on the grounds that (1) Plaintiff has not alleged facts showing that she engaged in protected activity; and (2) she has not alleged facts indicating that any protected activity was causally connected to her second termination in December 2024. *See* ECF No. 56 at 16–18.

United's arguments are unavailing. First, protected activity under FEHA includes opposing any practices forbidden by FEHA. *See Yanowitz,* 36 Cal. 4th at 1042. The protected activity must have occurred prior to the adverse employment action and the employer must have been aware of it prior to the adverse employment action. *See Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 70 (2000) (holding that it is "essential" to a claim for retaliation "that the employer was aware that the plaintiff had engaged in protected activity" before the adverse employment action). Here, Plaintiff alleges that she opposed her first termination, which she believed constituted unlawful discrimination based on age in violation of ADEA and state law, by writing a letter to a United executive in October 2023 in which she complained about the unlawfulness of the termination, and by subsequently appealing that termination until she was reinstated in March 2024. *See* AC ¶¶ 17–19. These allegations raise the inference that Plaintiff engaged in protected activity under FEHA of which United was aware prior to her second termination in December 2024.[5]

Second, Plaintiff has plausibly alleged a causal connection between her protected activity and her second termination. The causal link may be inferred from circumstantial evidence, such as "the proximity in time between the protected action and allegedly retaliatory employment

---

[5] In her opposition, Plaintiff points to other allegations that she contends indicate that she engaged in protected activity. However, those allegations cannot support a claim for retaliation under FEHA because she does not allege that United was aware of her purported protected activity *before* it terminated her in December 2024. *See Morgan* 88 Cal. App. 4th at 70. For example, Plaintiff alleges that she complained to unidentified people about the fact that she was assigned to work at the back of the aircraft during the October 2024 charter flight due to her age, but she does not allege that United was aware of such complaints before it terminated her in December 2024. *See* AC ¶¶ 27–28. Plaintiff also alleges that she appealed her second termination in December 2024, which she believed constituted unlawful age discrimination. *See id.* ¶¶ 42–44. But that appeal occurred *after* her second termination, which means that United could not have been aware of it before it terminated her in December 2024.



United States District Court
Northern District of California

decision." *Morgan*, 88 Cal. App. 4th at 69 (citations and internal quotation marks omitted). Here, Plaintiff's protected activity (which ended with her reinstatement in March 2024), and her second termination in December 2024, occurred within approximately nine months of each other. *See* AC ¶ 19. That raises the inference that a causal connection exists between the protected activity and the second termination. United has not shown otherwise. It argues that a nine-month temporal gap between the protected activity and the adverse employment action is too large as a matter of law to raise the inference that the two are causally connected, but it cites no authority for that proposition. United cites only one case in which a court held that a temporal gap between the protected activity and the adverse employment action was too large to indicate a causal link, but the gap there was 18 months, which is twice as long as the one here. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("A nearly 18–month lapse between protected activity and an adverse employment action is simply too long, by itself, to give rise to an inference of causation."). Thus, United has not shown that the nine-month gap between Plaintiff's protected activity and her second termination cannot raise the inference of causation as a matter of law.

The Court DENIES United's motion to dismiss this claim.

#### c. Failure to Prevent Discrimination and Retaliation Under FEHA (Claim 8)

"Under the FEHA, it is unlawful '[f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 748 (9th Cir. 2011) (quoting Cal. Gov't Code § 12940(k)). A cause of action under California Government Code § 12940(k) is viable only if the defendant engaged in actionable discrimination or harassment under FEHA. *See Martin v. Bd. of Trs. of California State Univ.*, 97 Cal. App. 5th 149, 173 (2023) ("An actionable claim under section 12940, subdivision (k) [for failure to prevent discrimination or harassment] is dependent on a claim of actual discrimination [or harassment].") (citation and internal quotation marks omitted).

Plaintiff asserts a claim against United under § 12940(k) for failure to prevent discrimination and retaliation against her in violation of FEHA. *See* AC ¶¶ 110–18.

United moves to dismiss this claim on the ground that it is derivative of Plaintiff's claims for discrimination and retaliation under FEHA. *See* ECF No. 56 at 20. United argues that, because Plaintiff's claims for retaliation and discrimination under FEHA are subject to dismissal, her claim for failure to prevent discrimination and retaliation lacks a predicate violation of FEHA and should be dismissed on that basis. *See id.*

This argument fails. As discussed above, Plaintiff has stated a claim against United for age discrimination and retaliation under FEHA. Accordingly, her claim for failure to prevent discrimination and retaliation is not subject to dismissal on the basis that she has not alleged an underlying violation of FEHA.

The Court DENIES United's motion to dismiss this claim.

**5. Retaliation in Violation of California Labor Code § 1102.5 (Claim 7)**

"Section 1102.5 [of the California Labor Code] provides whistleblower protections to employees who disclose wrongdoing to authorities." *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 709 (2022). It provides, in relevant part, that "[a]n employer . . . shall not retaliate against an employee for disclosing information . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation[.]" Cal. Lab. Code § 1102.5(b). "To establish a prima facie case for whistleblower liability, a plaintiff must show that he or she was subjected to adverse employment action after engaging in protected activity and that there was a causal connection between the two." *Edgerly v. City of Oakland*, 211 Cal. App. 4th 1191, 1199 (2012). The protected activity must be a "contributing factor" to the adverse employment action. *See Lawson*, 12 Cal. 5th at 712.

Plaintiff asserts a claim against United under § 1102.5 based on allegations that her second termination was in retaliation for her protected activity in objecting to her first termination, which she believed constituted unlawful discrimination based on age. *See* AC ¶¶ 100–09.

United moves to dismiss this claim on the grounds that Plaintiff has not plausibly alleged (1) that she engaged in protected activity by reporting a violation of law to United; and (2) that any protected activity in which she engaged was a contributing factor to her second termination.

United States District Court
Northern District of California

These arguments are unavailing. First, protected activity under § 1102.5 "is the disclosure of or opposition to a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." *Edgerly*, 211 Cal. App. 4th at 1199 (citation and internal quotation marks omitted). Such a disclosure must be made to a government or law enforcement agency; a person with authority over the employee; other employees with authority to investigate, discover, or correct the violation; or any public body conducting an investigation. *See Killgore v. SpecPro Pro. Servs., LLC*, 51 F.4th 973, 986 (9th Cir. 2022) (citing Cal. Lab. Code § 1102.5). Here, Plaintiff alleges that, in October 2023, she "sent a letter to United executive Mr. Slater disclosing her reasonable belief that her initial termination constituted unlawful age discrimination in violation of the Age Discrimination in Employment Act." *See* AC ¶ 102. These allegations are sufficient to raise the inference that Plaintiff engaged in protected activity under § 1102.5.[6] United has not shown otherwise.[7]

Second, to state a claim under § 1102.5, Plaintiff must plausibly allege that the protected activity in which she engaged was a contributing factor to her second termination. *See Lawson*, 12 Cal. 5th at 712. "Circumstantial evidence such as proximity in time between protected activity and alleged retaliation may establish a causal link" under § 1102.5. *See Hawkins v. City of Los Angeles*, 40 Cal. App. 5th 384, 394 (2019). Here, the temporal distance between Plaintiff's protected activity, which took place in October 2023, and her second termination, which took place in December 2024, was approximately 14 months. That temporal gap is small enough to raise the inference that a causal link exists between the protected activity and the second

[6] In her opposition, Plaintiff points to other allegations that she argues show that she engaged in protected activity under § 1102.5, namely that, during the October 2024 charter flight, she complained about her placement at the back of the plane, which she believed constituted discrimination based on her age. *See* AC ¶¶ 103–04. The Court cannot infer that Plaintiff engaged in protected activity under § 1102.5 based on these allegations because she pleads no facts suggesting that she disclosed the alleged discrimination to a person at United with authority over her or to other United employees with authority to investigate or correct the alleged discrimination. *See Killgore*, 51 F.4th at 986.

[7] In its reply, United argues in passing that the Court cannot consider Plaintiff's allegations about the letter she sent to a United executive in October 2023 because they are "barred for the Court's consideration[.]" *See* ECF No. 62 at 10. However, United has not shown, either in its opening brief or in its reply, that any aspect of Plaintiff's claim under § 1102.5 is barred.

termination. *See id.* (holding that "the requisite causal link" under § 1102.5 could be inferred where the protected activity (in August 2012) took place 16 months prior to the adverse employment action (in December 2013)). United has cited no authority compelling a different conclusion. *See* ECF No. 56 at 20.

Accordingly, the Court DENIES United's motion to dismiss this claim.

**6. Wrongful Termination in Violation of Public Policy (Claim 9)**

California law recognizes a tort cause of action for wrongful termination in violation of public policy. *See Freund v. Nycomed Amersham*, 347 F.3d 752, 758 (9th Cir. 2003). That cause of action is an exception to the general rule that an at-will employee may be terminated for any reason. *See id.* "The elements for this tort are (1) the existence of a public policy and (2) a nexus between the public policy and an employee's termination." *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 748 (9th Cir. 2011).

Plaintiff asserts a claim against United for wrongful termination in violation of public policy. AC ¶¶ 119–25. It is premised on allegations that her second termination was contrary to public policy because it was the result of discrimination and retaliation in violation of FEHA. *See id.*

United moves to dismiss this claim on the ground that it is derivative of Plaintiff's claims for discrimination and retaliation under FEHA. *See* ECF No. 56 at 20. United argues that, because Plaintiff's claims for retaliation and discrimination under FEHA are subject to dismissal, her claim for wrongful termination in violation of public policy also fails given that she has not alleged a predicate violation of FEHA. *See id.*

This argument is unavailing. As discussed above, Plaintiff has stated a claim against United for age discrimination and retaliation under FEHA. Accordingly, her claim for wrongful termination in violation of public policy is not subject to dismissal on the ground that she has not alleged an underlying violation of FEHA. *Cf. Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 229 (1999) ("[B]ecause Hanson's FEHA claim fails, his claim for wrongful termination in violation of public policy fails.").

The Court DENIES United's motion to dismiss this claim.

**7. Abandoned Claim under the Railway Labor Act (Claim 4)**

In her opposition, Plaintiff states that she does not intend to assert a claim for hostile work environment against United under the Railway Labor Act (claim 4). *See* ECF No. 59 at 29. Because Plaintiff has abandoned claim 4 to the extent that it is asserted against United under the Railway Labor Act, the Court DISMISSES that claim, WITHOUT LEAVE TO AMEND.

**B. AFA's Motion to Dismiss**

**1. Breach of Duty of Fair Representation (Claim 3)**

The Railway Labor Act ("RLA") "authorizes employees in the railroad and airline industries to select a union to act as their exclusive representative for collective bargaining with their employer." *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 597–98 (9th Cir. 2019). "As exclusive bargaining representative, the union assumes a duty to represent fairly the interests of all bargaining-unit members during the negotiation, administration, and enforcement of collective-bargaining agreements." *Id.* (citation and internal quotation marks omitted). "[A] union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998).

Plaintiff asserts a claim against AFA for breach of its duty of fair representation under the Railway Labor Act. AC ¶¶ 69–77. It is premised on allegations that AFA violated its duty of fair representation by refusing to arbitrate her second termination against United despite the lack of evidence supporting the termination. *See id.* ¶¶ 47–48.

AFA moves to dismiss this claim on two grounds. First, AFA argues that the claim is time-barred because Plaintiff failed to file the initial complaint in this action within the six-month statute of limitations under the Railway Labor Act. ECF No. 55 at 11–12. Second, AFA argues that the claim is subject to dismissal because Plaintiff has not alleged sufficient facts to raise the inference that AFA breached its duty of fair representation. *See id.*

AFA's arguments are not persuasive. First, Plaintiff's claim is not time-barred. "Claims under the RLA must be brought within six months after their accrual date." *Herrera v. Command Sec. Corp.*, 837 F.3d 979, 985 (9th Cir. 2016). "The six-month period begins to run when the

employee 'knows or should know of the alleged breach of duty of fair representation by a union.'" *Kozy v. Wings W. Airlines, Inc.*, 89 F.3d 635, 640 (9th Cir. 1996) (quoting *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986)). Where a claim for breach of duty of fair representation is based on the union's handling of a grievance, such as when the union decides not to pursue a grievance on behalf of the employee, the claim "generally accrues when the employee learns or should have learned of the union's decision." *See Galindo*, 793 F.2d at 1509; *see also Grotz v. Kaiser Found. Hosps.*, No. C-12-3539 EMC, 2012 WL 5350254, at *7 (N.D. Cal. Oct. 29, 2012) ("Following *Galindo*, a number of Ninth Circuit cases have held that when an employee pursues a grievance, the employee's claim against the union for breach of the duty of fair representation does not accrue until the union notifies the employee that it intends to abandon the employee's grievance.") (collecting authorities). Here, Plaintiff's claim is premised on AFA's refusal to pursue arbitration against United in connection with her second termination. *See* AC ¶¶ 69–77. Thus, under *Galindo*, 793 F.2d at 1509, which AFA has not distinguished, the claim accrued when Plaintiff learned of AFA's refusal to arbitrate, which was on April 25, 2025. *See id.* ¶ 27. Because Plaintiff sued AFA for breach of duty of fair representation on June 11, 2025, which is less than six months after the claim accrued on April 25, 2025, the claim is not time-barred. *See* ECF No. 1.

Second, Plaintiff has plausibly alleged that AFA breached its duty of fair representation. A union's perfunctory handling of a grievance can constitute an arbitrary act that gives rise to a claim for breach of duty of fair representation. *See Peterson v. Kennedy*, 771 F.2d 1244, 1253–54 (9th Cir. 1985) (holding that "[a] union acts 'arbitrarily' when it simply ignores a meritorious grievance or handles it in a perfunctory manner [ . . . ] for example, by failing to conduct a 'minimal investigation' of a grievance that is brought to its attention"). Here, Plaintiff's allegations raise the inference that AFA ignored or otherwise mishandled her meritorious grievance in connection with her second termination. *See* ECF No. 58 at 13–14. Specifically, Plaintiff alleges that AFA refused to arbitrate her second termination even though (1) there was no evidence to corroborate the complaints against her that led to her second termination; and (2) United refused to provide surveillance footage, the identity of the person who filed the complaint

against her, or documentation supporting her second termination. *See* AC ¶¶ 43, 44–46, 74. AFA has not shown that these allegations are insufficient to raise the inference that its handling of Plaintiff's grievance was arbitrary under *Peterson*, 771 F.2d at 1253–54.[8]

AFA argues that its decision "not to spend the Union's general membership treasury on a pointless arbitration" to challenge Plaintiff's second termination should not be second-guessed because AFA had a good reason not to pursue arbitration, namely that Plaintiff was on probation at the time of her second termination and United had the right to terminate her for any performance violation. *See* ECF No. 61 at 9. However, AFA has cited no authority showing that the Court can consider this purported rationale, which is not alleged in the AC, for the purpose of resolving its motion to dismiss. *See id.* AFA's authorities indicate that a court's consideration of a union's defenses to a claim for breach of duty of fair representation takes place at summary judgment, not at the pleadings stage. *See, e.g.*, *Patterson v. Int'l Bhd. of Teamsters, Loc. 959*, 121 F.3d 1345, 1349 (9th Cir. 1997) (affirming summary judgment granted in favor of union on breach of duty of fair representation claim because, during the summary judgment proceedings, the union provided a "reasoned explanation for not pursuing a potential defense" that the employee argued should have been pursued in order to represent him fairly).

Accordingly, the Court DENIES AFA's motion to dismiss this claim.

**2. Hostile Work Environment Under the Railway Labor Act (Claim 4)**

Plaintiff asserts a claim against AFA for hostile work environment under the Railway Labor Act based on allegations that she was subjected to offensive conduct on account of her age. *See* AC ¶¶ 78–83.

AFA argues that, to the extent that this claim (claim 4) is premised on violations of the Railway Labor Act, it is subject to dismissal because it is duplicative of her claim for breach of

---

[8] The authorities that AFA cites are inapposite because they evaluate the viability of claims for breach of duty of fair representation at the summary judgment stage based on whether the plaintiff presented sufficient evidence to establish a genuine issue of material fact as to whether the union acted arbitrarily or in bath faith when representing the employee. *See, e.g.*, *Franklin v. S. Pac. Transp. Co.*, 593 F.2d 899, 901 (9th Cir. 1979) (affirming summary judgment in favor of union on a claim for breach of duty of fair representation because the plaintiff failed to present sufficient evidence showing that the union acted arbitrarily or in bad faith when representing him).

United States District Court
Northern District of California

duty of fair representation (claim 3), as the violations of the Railway Labor Act alleged in connection with claim 4 arise out of the same alleged breach of the duty of fair representation that gives rise to claim 3. *See* ECF No. 61 at 5.

In her opposition, Plaintiff concedes that claim 4 is duplicative of claim 3 for the reasons stated by AFA. *See* ECF No. 58 at 19.

Because it is undisputed that claim 4 is duplicative of claim 3 to the extent that it is asserted against AFA under the Railway Labor Act, the Court GRANTS AFA's motion to dismiss the claim, WITHOUT LEAVE TO AMEND.

**3. Hostile Work Environment Under Title VII (Claim 4)**

As noted, a plaintiff asserting a hostile work environment claim under Title VII "must show discrimination by an employer on account of membership in a protected group under 42 U.S.C. § 2000e–2(a)(1)." *Sharp*, 69 F.4th at 978. Protected characteristics under 42 U.S.C. § 2000e–2(a)(1) include race, color, religion, sex, and national origin. *See* 42 U.S.C. § 2000e–2(a)(1). "The offensive conduct must be 'sufficiently severe or pervasive to alter the conditions of employment'" to give rise to a claim for hostile work environment. *See Sharp*, 69 F.4th at 978 (citation omitted).

Plaintiff asserts a claim against AFA for hostile work environment in violation of Title VII based on allegations that she was subjected to offensive conduct on account of her age. *See* AC ¶¶ 78–83.

AFA moves to dismiss this claim on the grounds that (1) Plaintiff's allegations fail to state a claim for hostile work environment under Title VII;[9] and (2) the claim is barred because Plaintiff has not alleged that she exhausted her administrative remedies by filing a charge against AFA with the EEOC.

The Court agrees with AFA. First, the claim is subject to dismissal because it is premised on allegations that Plaintiff was subjected to offensive conduct in her workplace on account of her

[9] This argument was made by United in its motion to dismiss and was incorporated by reference by AFA in its own motion to dismiss, as AFA joined that aspect of United's motion. *See* ECF No. 55 at 8, 16.

age, which is not a protected characteristic under 42 U.S.C. § 2000e–2(a)(1). *See Sharp*, 69 F.4th at 978 ("[A] plaintiff bringing a hostile work environment claim must show discrimination by an employer on account of membership in a protected group under 42 U.S.C. § 2000e–2(a)(1).").

Second, the claim is subject to dismissal for the additional reason that Plaintiff does not allege that she filed a charge against AFA with the EEOC. As discussed above, before filing a civil action alleging violations of Title VII, a plaintiff must first exhaust her administrative remedies by filing a timely charge with the EEOC or an appropriate state agency and receiving a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(e) & (f)(1); *see also Morgan*, 536 U.S. at 109. In general, "Title VII claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990), *abrogated on other grounds by Fort Bend*, 587 U.S. at 543–47. However, a Title VII claimant may bring suit against people or entities who were not named in the EEOC charge if one of the following exceptions applies: (1) the unnamed party was "involved in the acts giving rise to the" Title VII claim; (2) "the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are 'substantially identical parties'"; (3) the "EEOC could have inferred that the unnamed party violated Title VII"; or (4) "the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings[.]" *See id.* at 1458–59. Here, the only charge that Plaintiff allegedly filed with the EEOC names United as the respondent and does not mention AFA. *See* AC ¶ 52; *see also* ECF No. 33–2. Thus, Plaintiff is barred from asserting any claims against AFA under Title VII in this litigation unless she alleges facts showing that one of the exceptions described above applies. She has not done so. *See generally* AC. Thus, Plaintiff's claim against AFA fails for failure to exhaust her administrative remedies. *See Lindsey v. United Airlines, Inc.*, No. C 17-00753 WHA, 2017 WL 2404911, at *5 (N.D. Cal. June 2, 2017) (dismissing Title VII claim against defendant who was not named in EEOC charge for failure to exhaust administrative remedies because the plaintiff failed to allege facts invoking an exception to the general rule that bars Title VII claims against those who are not named in the EEOC charge); *cf. Sosa*, 920 F.2d at 1459 (holding that the plaintiff could sue district administrators under Title VII even though they were not named in her

EEOC charge because she alleged facts showing that an exception applied to the general rule barring such claims).

Accordingly, the Court GRANTS AFA's motion to dismiss this claim.

**CONCLUSION**

For the reasons above, the Court:

- DENIES the motions to dismiss with respect to Plaintiff's claims against United for (1) age discrimination under the ADEA; (2) age discrimination under FEHA; (3) retaliation under FEHA; (4) failure to prevent discrimination and retaliation under FEHA; (5) retaliation in violation of California Labor Code § 1102.5; and (6) wrongful termination in violation of public policy;
- DENIES the motions to dismiss with respect to Plaintiff's claim against AFA for breach of duty of fair representation; and
- GRANTS the motions to dismiss with respect to all remaining claims. The dismissal is WITH LEAVE TO AMEND, except for Plaintiff's claims for hostile work environment against United and AFA under the Railway Labor Act.

To the extent that she can do so without contradicting the allegations in the AC, Plaintiff may file an amended complaint within 28 days of the date of this order, but only for the purpose of curing the deficiencies identified above. If Plaintiff choses to file an amended complaint, she shall also file a redline comparing the AC to the new complaint. A failure to file an amended complaint will result in the dismissal with prejudice of the claims dismissed in this order.

**IT IS SO ORDERED.**

Dated: November 16, 2026

JON S. TIGAR
United States District Judge